

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2007

# Joseph v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3187

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Joseph v. Atty Gen USA" (2007). *2007 Decisions.* Paper 36.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/36

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3187

———————

LENEL JOSEPH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———————

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A-77-045-848)
Immigration Judge:  Honorable Alberto J. Riefkohl

———————

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2007

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

(Filed December 19, 2007)

———————

OPINION OF THE COURT

———————

RENDELL, *Circuit Judge*.

    Lenel Joseph petitions for review of an order of the Board of Immigration Appeals

("BIA") denying his third motion to reopen removal proceedings.  For the reasons below,

we will deny Joseph's petition for review.

Joseph is a citizen of Haiti charged with removal under 8 U.S.C. § 1227. The Immigration Judge initially found Joseph removable, and the BIA affirmed. Over two years later, Joseph filed a motion to reopen, arguing that the political situation in Haiti had become worse and his life would be in danger if he were returned. The BIA denied petitioner's motion because it was untimely. Ten days later, Joseph filed a second motion to reopen, again arguing that his life would be in danger if he were returned to Haiti. The BIA denied that motion because it "exceed[ed] the numerical limitations for motions to reopen." Almost two years later, petitioner filed a third motion, arguing that, because his brother had received asylum in December 2004, his immigration proceedings should be reopened. The BIA denied this motion on the basis that the supporting documents did not demonstrate that Joseph was similarly situated to his brother or that he possessed a well-founded fear of persecution on account of his brother's activities or asylum status. This petition for review followed.

Joseph claims the BIA misapplied Section 1003.2(c)(1), which permits an alien to file a motion to reopen based on new evidence that is "material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). We will not disturb the BIA's denial of a motion to reopen unless it is "'arbitrary, irrational, or contrary to law.'" *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005) (citations omitted).

Joseph argues that the fact that his brother was granted asylum in December 2004 satisfies Section 1003.2(c)(1). This fact alone, however, is insufficient. Joseph failed to

2

demonstrate that he is similarly situated to his brother. In fact, testimony on the record distinguishes the two. Joseph also failed to prove that he possessed a well-founded fear of persecution on account of his brother's activities or asylum status. The BIA's ultimate denial of Joseph's motion and its factual findings are supported by reasonable and substantial record evidence. Thus, Joseph has not shown that the BIA's decision to deny his motion to reopen is arbitrary, irrational, or contrary to law.

For the foregoing reasons, we will deny the petition for review.